**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TONYA STEPHENS, et al., | : | CIVIL ACTION NO. 07-3664 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| HOME FRONT, INC., et al., | : | |
| Defendants. | : | |

**THE COURT** ordering the plaintiffs to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. §§ ("Sections") 1331 and 1332 (dkt. entry no. 2, Order to Show Cause ("OTSC")); and the plaintiffs bringing this action against the defendants, (1) Home Front, Inc. ("HFI"), (2) Family Preservation Center, Inc. ("FPC"), (3) Kenny King, and (4) Connie Mercer, to recover damages for personal injuries pursuant to (1) 42 U.S.C. § 1983 ("Section 1983"), and (2) state law (dkt. entry no. 1, Compl.), and the plaintiffs (1) asserting jurisdiction under Sections 1331 and 1332, and (2) bearing the burden of demonstrating jurisdiction, see Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction appears lacking); Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**THE PLAINTIFFS**, in response to the order to show cause, submitting an amended complaint with no further briefing, thereby leaving the Court to discern jurisdiction from a review of the amended complaint (dkt. entry nos. 4, 5); and

**THE PLAINTIFFS** failing to properly allege the citizenship of any party in the complaint (see OTSC at 1-3); but the plaintiffs — as to jurisdiction under Section 1332 — now (1) withdrawing their claims against FPC, and (2) demonstrating for the purposes of this inquiry that they are Pennsylvania citizens and HFI is a citizen of New Jersey only (dkt. entry no. 4, Pls. Resp., Ex. B., Amended Compl.); but

**THE COURT** having ordered the plaintiffs to demonstrate the citizenship of both King and Mercer "with supporting documentation", as the plaintiffs merely provided their business addresses in the complaint (see OTSC at 3, 5); and the plaintiffs, in response to the order to show cause, again only providing the business addresses of Mercer and King, and failing to provide any supporting documentation of citizenship (see Amended Compl. at 1, 3); and the plaintiffs thus failing to demonstrate jurisdiction under Section 1332; and

**IT APPEARING** that in order to establish a claim under Section 1983, the plaintiffs must allege that the challenged conduct (1) was committed by a party acting under color of state law, and (2) deprived them of a right secured by the Constitution or laws of the United States, see Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994); and it appearing that a private party is subject to liability under Section 1983 only when that party acts under color of state law, and thus a state government may be construed

2

as being responsible for the specific conduct at issue, see Mark v. Bor. of Hatboro, 51 F.3d 1137, 1141-42 (3d Cir. 1995); and it appearing that "deciding whether there has been state action requires an inquiry into whether there is a sufficiently close nexus between the State and the challenged action of [defendants] so that the action of the latter may fairly be treated as that of the State itself", id. at 1142 (quotes omitted); and the plaintiffs having failed to allege any facts demonstrating that the defendants are state actors or otherwise acted under color of state law (see Compl. at ¶ 31 (stating, without more, that defendants were state actors)), see St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006) (stating Section 1983 does not cover merely private conduct, no matter how discriminatory or wrongful); and the Court providing all of the aforementioned guidance in the order to show cause (see OTSC at 4); and

**THE COURT**, in reviewing the submitted amended complaint, discerning the following new allegation that the Court takes as the plaintiff's response:

> At all times material, Defendants, individually, jointly and/or severally, were state actors and/or acting under color of state law manifesting a willful disregard for the safety and privacy of Plaintiffs and other rights secured by the constitution or laws of the United States . . . including but not limited to:
>
>     a.  At all times material, Defendant King acted under color of state law in his capacity as an employee, agent, and/or servant for [HFI], by the above, including but not limited to unlawful entering Plaintiffs' home;

>    harassing, sexually and/or otherwise, Plaintiffs;
>    failing to protect Plaintiffs within their home; and/or
>    violating Plaintiffs' rights to privacy;
>
>    b.  At all times material, Defendant Mercer acted
>    under color of state law in her capacity as an employee,
>    agent, and/or servant for [HFI], by the above, including
>    but not limited to failing to protect Plaintiffs within
>    their home; ensure Plaintiffs a safe residence; failing
>    to properly prevent King's misconduct; and/or conspiring
>    with King to enable, by action or omission, his above
>    misconduct

(Amended Compl. at ¶ 31); and

**THE PLAINTIFFS** still not alleging how the defendants' alleged infringement of their federal rights is attributable to a state and, if so, which state, see Mauro v. Beil, 213 Fed.Appx. 131, 131 (3d Cir. 2007) (dismissing appeal, as district court correctly found plaintiff failed to allege how conduct of private actors, who were employees of Catholic Charities, was "fairly attributable" to state), Crissman v. Dover Downs Entm't, 289 F.3d 231, 243 (3d Cir. 2002) (discussing favorably United States Supreme Court cases holding privately-operated entities were not any different from contractors performing services for government merely because they received substantial funding from, and were regulated by, a state), Thompson v. Eva's Vill. & Sheltering Prog., No. 04-2548, 2006 WL 469938, at *5 (D.N.J. Feb. 24, 2006) (granting motion for summary judgment by defendant private facility providing meals, shelter, and recovery programs to those in need, as plaintiff failed to (1) name state official or state

4

entity as defendant in complaint, or (2) allege facility had any connection to state official or entity), aff'd, 243 Fed.Appx. 697, 698 (3d Cir. 2007) (affirming for reasons set forth by district court); and thus the plaintiffs failing to support their assertion of jurisdiction under Section 1331 here; and

**THE COURT** thus intending to (1) grant the order to show cause, (2) dismiss the complaint insofar as it purports to assert claims under federal law with prejudice, and (3) dismiss the complaint insofar as it purports to asserts claims under state law, without prejudice to the plaintiffs to recommence the action insofar as it concerns state law in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal law claims), see also Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007) (concerning survival of state law claims when dismissed for lack of Section 1332 jurisdiction), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980) (concerning same); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper  
                                                **MARY L. COOPER**  
                                                United States District Judge

Dated:    October 29, 2008